# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 8, 2021

Lyle W. Cayce
Clerk

No. 19-11160
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DENNIS WAYNE PARTAKA,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-71-1

---

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

Dennis Wayne Partaka appeals the sentence imposed following his guilty-plea conviction of transporting a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a). He argues that the district court procedurally erred when it enhanced his offense level based

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-11160

on a finding that on at least "two separate occasions" he "engaged in a pattern of activity involving prohibited sexual conduct with a minor." U.S.S.G. § 4B1.5(b)(1) & comment. (n.4(B)). Partaka concedes that the encounter that formed the basis of his instant conviction counts as one such occasion. However, he argues on several grounds that the district court erred in finding that the evidence established a second occasion.

We need not address Partaka's argument that the encounter underlying his conviction, which involved more than one act of sexual intercourse undertaken over the course of a short time, could not count as a second occasion of prohibited sexual contact with a minor for purposes of § 4B1.5(b)(1). We also need not resolve Partaka's arguments that the evidence did not establish a second occasion of prohibited sexual contact with a minor based on his contacts with a 16-year-old girl in Michigan and a 15-year-old girl in Lubbock, Texas. The enhancement of Partaka's sentence may be affirmed based on the district court's finding that Partaka was involved in a second occasion of prohibited sexual conduct with a minor when he solicited sex from a 15-year-old girl in Dallas, Texas.

Partaka argues that the information in the presentence report (PSR) regarding the girl in Dallas, Texas, was based solely on unreliable admissions he made during an FBI interview. However, he presented no evidence at sentencing to directly rebut his statements, which were plausible in light of the record as a whole. Even if Partaka's sentencing arguments challenging the general reliability of his admissions were sufficient to preserve his claim for appeal, he has not shown that the district court clearly erred in determining that the PSR and FBI report had an adequate evidentiary basis with sufficient indicia of reliability to be considered at sentencing and that he failed to show that his admissions were "materially untrue, inaccurate or unreliable." *United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013) (internal quotation marks and citation omitted).

No. 19-11160

For the first time on appeal, Partaka argues that his admission did not support the district court's finding that the girl in Dallas was a minor because he stated only that he believed her to be 15 years old. A defendant's uncorroborated admission, if reliable, may be the sole basis for a sentencing finding. *See United States v. Barfield,* 941 F.3d 757, 763-67 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 1282 (2020). Partaka cites no authority to support his assertion that his statement provided an insufficient basis for the district court to find by a preponderance of the evidence that the girl was a minor. He has not established plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

The judgment of the district court is AFFIRMED.